UNITED STATES of America

v.

**Robert Earl SEGEADA.**

No. 1:94–CR 119.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 6, 1995.

Lovita–Morris–Daniels, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

Rife Kimler, Beaumont, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Execution of two state felony arrest warrants issued for Defendant, Robert Earl Segeada (Segeada), uncovered a handgun in the possession of Segeada. Segeada has moved to suppress both the gun and statements he made that the gun was in fact his. Having conducted a hearing on the matter, the court is of the opinion that the motions to suppress should be DENIED.

### I.

The court makes the following findings of fact for purposes of these two motions to suppress. On September 23, 1994, the state of Texas issued two arrest warrants for Segeada.[1] Officer Jerry Moore of the Texas Department of Public Safety (DPS), Narcotics Division, made an effort to apprehend Segeada at his two residences in Beaumont, Texas. Unable to locate Segeada in his home, Moore began to check the registries at Beaumont motels. Later that same day, Moore discovered that Segeada was registered in Room 237 at the Roadrunner Inn in Beaumont, Texas.

Prior to making the arrest, Moore telephoned Special Agent Saunders (Saunders), an officer with the Bureau of Alcohol, Tobacco and Firearms (the ATF), and Officer David Amos (Amos) of the Beaumont Police Department for backup. Amos and Saunders contacted other individuals in the law enforcement community and by the time the unit was fully assembled it included Moore, Saunders, Amos, Charlie Michaels, a Deputy U.S. Marshal, Officers David Froman and Jerry LaChance of the Beaumont Police Department, Jerry Orr with the DPS and Gene Williams of the ATF.

The officers announced their presence and Segeada's female companion provided the officers with access to the room. Officers Moore, Froman, Amos and Williams handled the initial entry with the other officers securing the perimeter and acting as a backup. The officers found Segeada asleep face-down on the bed with a .380 caliber semi-automatic handgun within easy reach and in plain view on a nightstand by his bed.

Moore instructed Segeada to wake up. After he was able to rouse Mr. Segeada, Moore informed him that he was under arrest and handcuffed him. Moore then read Segeada the Texas *Miranda* warning.[2] Segeada responded that he understood his rights. Officers Moore then informed Segeada as to why he was under arrest. Moore and Williams then each asked Segeada who owned the gun on the nightstand. Segeada responded that the gun was his. Moore and Williams then asked Segeada where he obtained the weapon. He told them that he had found it.

Segeada was later charged with a violation of 18 U.S.C. § 922(g)(1).

### II.

Segeada moves to suppress his statement that the gun was his. He argues that: (1) he was not read his *Miranda* warning; (2) that any *Miranda* warning given was ineffective; (3) that he was not provided effective access to counsel; and (4) that the officers interrogated him after he had requested counsel.

Under *Miranda*, statements made by a defendant during custodial interrogation may not be used against him at trial unless procedural safeguards are employed to protect the defendant's Fifth Amendment right against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). These rights are protected by providing the defendant the familiar *Miranda* warning. *Id.*, 384 U.S. at 479, 86 S.Ct. at 1630.

■ There is no question that Segeada was in custody and was entitled to a *Miranda* warning. This court is convinced, however, that Segeada was apprised of his *Miranda* rights and fully comprehended them before he was questioned by Moore and Williams.

---

1. The warrants accused Segeada of felony possession of marijuana and violation of the Tax Stamp Act.

2. The Texas *Miranda* warning includes a warning that the individual may terminate an interrogation at any time.

Furthermore, the court finds that Segeada voluntarily, knowingly and intelligently waived these rights when he chose to answer the questions of Moore and Williams. Segeada was clearly read his *Miranda* rights; he understood them; there is no indication that his statements to the officers were in any way forced or coerced. He therefore waived his *Miranda* rights. *See United States v. Andrews*, 22 F.3d 1328 (5th Cir. 1994) (understanding rights coupled with defendant freely providing information sufficient to support finding of voluntary, knowing, intelligent waiver).

Segeada's assertions that he was not provided counsel when he requested counsel and that he was interrogated after requesting counsel is completely unsupported by the record. None of the arresting officers testified that Segeada requested counsel at anytime before or after the questioning. The court finds the testimony of the officers credible and determines that Segeada neglected to request counsel.

The court therefore DENIES Segeada's motion to suppress the custodial statements.

### III.

■ Segeada also maintains that the gun found in room 237 should be suppressed as the arresting officers lacked a search warrant. The court is unconvinced. Since the incriminating evidence was in the plain view of the arresting officers, no violation of Segeada's Fourth Amendment rights occurred.

■ The threshold question in the plain view doctrine is whether the officer legally arrived at the place from which the evidence could be plainly viewed. *Horton v. California*, 496 U.S. 128, 136, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990). There is no dispute that the officers possessed a valid arrest warrant for Segeada. Their entry into the room was therefore proper. Additionally, the incriminating nature of the item seized must be immediately apparent. *United States v. Elwood*, 993 F.2d 1146, 1152 (5th Cir.1993). There is no question that the gun was openly displayed on the nightstand and that the officers were aware that it was a firearm. Accordingly, the officers' seizure of the weapon did not violate the Fourth Amendment.

Therefore, with regard to Defendant's Motion to Suppress Evidence Seized at the Roadrunner Inn, this court is of the opinion it should be DENIED.